UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROFF ARDEN, et al.,

                Plaintiffs,

    v.

PROPERTY AND CASUALTY
INSURANCE COMPANY OF
HARTFORD, et al.,

                Defendants.

CASE NO. C13-5296 BHS

ORDER GRANTING MOTION
TO REMAND

This matter comes before the Court on the motion to remand filed by Plaintiffs Roff Arden and Bobbi Arden, husband and wife (the "Ardens") (Dkt. 11). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL & FACTUAL BACKGROUND

On March 15, 2013, the Ardens filed a complaint in Mason County Superior Court against Defendants Property and Casualty Insurance Company of Hardford ("Hartford") and Doe Defendants I through V[1], alleging bad faith damages arising out of Hardford's

---

[1] In Plaintiffs' original complaint, they explicitly described the Doe Defendants as placeholders and reserved the right to amend their complaint:

ORDER - 1

conduct relating to the Ardens' June 12, 2013 tender of defense and indemnity for a lawsuit against the Ardens, which alleged four causes of action resulting from property damage (the death of two dogs owned by a neighboring couple) caused by the Ardens ("underlying suit"). *See* Dkts. 1-3 at 5-9 and 8-12. On April 9, 2013, the Ardens filed an amended complaint in Mason County Superior Court. Dkt. 1-2. Among other allegations, the Ardens' amended complaint states in relevant part:

> 2.2. Defendant Forsburg Umlauf, P.S. is a Washington State professional services law firm. Forsburg Umlauf was appointed by the Hartford to represent and defend the Ardens in the underlying civil matter with the Duffys. Forsburg Umlauf was doing business in Mason County, Washington.
>
> 2.3. Defendant John Hayes is an adult individual who is believed to reside in Washington State. "Jane Doe" Hayes is named in the event Mr. Hayes was married during times relevant to this matter. It is alleged that the marital estate benefitted from the activities of Mr. Hayes. Mr. Hayes was doing business in Mason County, Washington.
>
> 2.4. Efforts were made to settle the underlying civil case. Duffys made a demand for $55,000. Arden demanded the Hartford settle at that amount. Instead, the Hartford and John Hay[e]s, without Arden's consent, countered at $18,500. Arden's personal counsel negotiated with Duffys' counsel to reach a final settlement of $40,000. Ardens again demanded Hartford to fund that settlement. Forsberg Umlauf, P.S had submitted an analysis of the case to the Hartford setting the reasonable settlement valued at $35,000. John Hay[e]s of Forsberg Umlauf, P.S., again without his client's consent, counteroffered at $25,000, putting the interests of the Hartford ahead of those of Ardens. This infuriated the Duffys and they immediately broke off all settlement discussions with Ardens and their counsel.
>
> 2.5. Immediately after settlement discussions broke down, on March 18, 2013, Roff Arden was charged in Mason County Superior Court

---

> 1.4. John Doe Defendants I-V are named in the event there are other parties related to this policy who should be named. Plaintiffs reserve the right to amend this Complaint on that basis depending on what is revealed in discovery and further investigation.

Dkt. 1-3 at 6.

ORDER - 2

with felony animal cruelty, with a firearm enhancement. The alleged acts for which Arden was charged had occurred 15 months earlier. Only after the Hartford refused to settle at $40,000 and countered at $25,000 did Arden get charged with a crime.

2.6. Defendants Forsberg Umlauf and John Hayes had only one client: Ardens, not the Hartford. The Hartford had a duty to appoint competent counsel to represent the Ardens and not to interfere or put its own financial interests ahead of those of the Ardens. Defendants Forsberg Umlauf, John Hayes and the Hartford breached those duties. By putting the Hardford's financial interests ahead of the Ardens' interests, and failing to settle this case when the opportunity presented itself, Ardens were placed in a much worse position. The opportunity to settle at $40,000, just $5,000 above the value of the case set by Forsberg Umlauf, is gone, and instead Duffys' insist on a recovery above the agreed $55,000 and Arden is now charged with a crime. Plaintiffs Ardens seek all available damages from these defendants in an amount to be proven at trial.

2.7. Plaintiffs reserve the right to amend as new facts become available in discovery. Plaintiffs seek a jury on all claims where a jury is available.

*Id*. at 5-6.

On April 17, 2013, Defendants filed a notice of removal. Dkt. 1. On May 6, 2013, the Ardens filed the instant motion to remand on the basis that the Court lacks jurisdiction, as there is not complete diversity between Plaintiffs and Defendants post the addition of Fosburg Umlauf, LLC (the "Firm") and John Hayes ("Hayes") as well as Jane Doe Hayes. Dkt. 11. On May 28, 2013, Defendants filed a response in opposition to the Ardens' motion. Dkt. 14. On May 31, 2013, the Ardens filed a reply. Dkt. 17.

## II. DISCUSSION

The Ardens argue that diversity jurisdiction does not exist and there is no federal question at issue in this case; therefore, the case should be remanded. *See* Dkt. 11. Further, the Ardens maintain they properly joined additional Defendants, the Firm, as well as Hayes and his spouse. *Id*. at 5-7. The Ardens argue that they timely amended

1  their original complaint and have alleged claims against the additional Defendants for
2  "malpractice" or "breach[] [of] their duties to their clients," under Washington law. *Id*. at
3  5. Finally, the Ardens maintain that joinder of additional Defendants was not fraudulent.
4  *Id*. at 5-8.

5  Hardford argues that the Ardens have fraudulently joined the Firm and Hayes to
6  defeat federal jurisdiction. Dkt. 14 at 2. Hartford maintains that the Ardens have failed to
7  plead a cognizable cause of action against the Firm or Hayes and that joinder of the
8  additional Defendants was legally and factually defective. *Id*. To summarize, Hartford
9  maintains that the Ardens' original complaint fails to state a cause of action because it
10 never uses the words "malpractice," "professional negligence" or "standard of care." *Id*.
11 at 9. Rather, according to Hartford, the only duties identified in the complaint relate to
12 Hardford's duties, not Hayes or the Firm. *Id*. Hartford maintains that the Ardens cannot
13 "amend their Complaint to destroy federal jurisdiction." *Id*. at 10. Moreover, Hartford
14 argues, even if the complaint could be interpreted as alleging breaches of loyalty or
15 ongoing disclosure, "no reasonable fact finder could find such breaches occurred." *Id*.

16 **A.    Legal Standards**

17 "Fraudulent joinder is a term of art" and does not require an ill motive. *McCabe*,
18 811 F.2d at 1339; *Lewis v. Time Inc*., 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd*, 710
19 F.2d 549 (9th Cir. 1983). Joinder will be deemed fraudulent where the plaintiff fails to
20 state a cause of action against the resident defendant, and the failure is obvious according
21 to the settled rules of the state. *Ritchey v. Upjohn Drug Co*., 139 F.3d 1313, 1318 (9th
22 Cir. 1998); *McCabe v. Gen. Foods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987). The

defendant alleging the fraudulent joinder carries the heavy burden of demonstrating the improper joinder by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

In determining whether a cause of action is stated, typically courts "'look only to a plaintiff's pleadings to determine removability.'" *Richey*, 139 F.3d at 1318 (*quoting Gould Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986)). Yet, where fraudulent joinder is an issue, the Ninth Circuit has directed that courts may go "somewhat further" by allowing a defendant to present facts showing that joinder is fraudulent. *Id*. "[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001); *see also West Am. Corp. v. Vaughan Basset Furniture*, 765 F.2d 932, 936 n. 6 (9th Cir. 1985) (stating that the court may consider affidavits, depositions, and other evidence). A court must evaluate the factual allegations and evidence in the light most favorable to the plaintiff, resolving all contested issues of fact in favor of the plaintiff. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *see also Albi v. Street & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944) ("In borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the cause in the state court"). Essentially, federal courts apply the fraudulent-joinder rule in cases only where it is indisputably clear that the plaintiff states no cause of action against the non-diverse defendant.

The principles of proof and causation in a legal malpractice action usually do not differ from an ordinary negligence case. *Daugert v. Pappas*, 104 Wn.2d 254, 257 (1985) (*citing Ward v. Arnold*, 52 Wn.2d 581, 584 (1958)). To establish a claim for legal malpractice, a plaintiff must prove the following four elements: (1) The existence of an attorney-client relationship, which gives rise to a duty of care on the part of the attorney to the client; (2) an act or omission by the attorney in breach of the duty of care; (3) damage to the client; and (4) proximate causation between the attorney's breach of the duty and the damage incurred. *Versuslaw Inc. v. Stoel Rives, LLP*, 127 Wn. App. 309, 320 (2005).

**B.     Application of Legal Standards**

The Ardens did not join the additional Defendants before the case had been removed to this Court. Thus, the Court focuses on the allegations in the amended complaint. It is not indisputably clear to the Court that the Ardens have not sufficiently pled a cause of action for legal malpractice under Washington law in a Washington State court, which, unlike federal court, requires only notice pleading. *Albi*, 140 F.2d at 312 ("In borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the cause in the state court"). While the amended complaint is somewhat inartful in stating a cause of action against Hayes and the Firm, it sufficiently pled the elements of a malpractice claim.

Further, even after the Court has pierced the pleadings for the purposes of removal analysis, it still finds that triable issues of fact exist to support a malpractice claim.

Although based on the facts in the present record, success on the merits appears somewhat doubtful to the extent that the claim depends on who had the authority to fund the settlement, as the evidence indicates that Hartford had the authority, not Hayes or the Firm, to decide whether to fund the settlement.  Nonetheless, Defendants have not met their burden of demonstrating by clear and convincing evidence that there is not a triable issue of fact against Hayes or the Firm for breach of the duties of care, loyalty or competence to the Ardens.  The attached declarations do not clearly and convincingly show that there is not a triable issue of fact that Hayes failed to communicate all counteroffers or disclose all relevant information regarding the settlement discussions to the Ardens or their counsel, or that Hayes competently valued their claim thus resulting in the breach of a duty to the Ardens.  Additionally, Defendants have failed to cite a single case to support their implicit contention that on the facts of this case, as a matter of law, an attorney or law firm hired by an insurance company to defend an insured cannot be held liable for malpractice in their representation of the insured.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Ardens' motion to remand (Dkt. 11) is **GRANTED.**  The case is remanded to Mason County Superior Court.

Dated this 8th day of July, 2013.

BENJAMIN H. SETTLE  
United States District Judge